[No. 29416. Department One. October 4, 1944.]

JAMES C. CAMPBELL, *Respondent*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant*.[1]

*The Attorney General* and *Harry L. Parr, Assistant,* for appellant.

*Griffin & Gershon,* for respondent.

MILLARD, J.—While engaged in extrahazardous industry March 6, 1941, James C. Campbell, a coal miner, sustained an injury described by him in his claim as "cleaning pick handle hit me in testicles and laming back." He was paid time loss for fourteen days and returned to work March 24, 1941.

The supervisor of industrial insurance entered an order July 29, 1941, reopening the claim for "underpayment on last award and rating of the permanent partial disability, if any." The report of the department's physician recites that straight raising of claimant's left leg causes pain in the left sacroiliac and that "Lateral x-ray of the lumbar

[1]Reported in 152 P. (2d) 312.

spine shows lipping of the vertebrae, evidence of chronic osteoarthritis." The physician concluded·that, for the injury to the left testicle resulting in atrophy, the claimant should be given a permanent partial disability rating of sixty per cent of the value allowed for the loss of one testicle; a permanent partial disability rating of ten per cent of the total allowed for unclassified injuries for the sprain of the right sacroiliac with his complaint of dragging pain in the right lower back and his inability to work in a stooped condition; and that the claimant should be paid $420 and the claim closed. An order in harmony with the foregoing report was entered October 30, 1941, by the supervisor, who remitted $420 to the claimant.

In June, 1942, application that claim be reopened for the purpose of rerating of permanent partial disability and time loss was granted. The physicians selected by the department examined the claimant June 26, 1942. They concluded that claimant's condition, which had become aggravated since the closing of his case, was due to his progressive chronic osteoarthritis. The commission of physicians recommended that claimant be given a course of antiarthritic treatment for a period of at least sixty days and then be re-examined. The medical commission re-examined the claimant December 4, 1942, and recommended that the case be closed and that claimant's compensation for the testicle be twelve and one-half per cent of the total maximum allowed for unspecified injury, and for the orthopedic conditions twenty-five per cent of the total maximum allowed for unspecified injury. The medical commission concluded that the claimant was entitled to an additional $480 permanent partial disability for the condition resulting from his injury of March 6, 1941.

The supervisor closed the claim January 13, 1943, with payment to claimant of $480, making segregation for bladder neck obstruction by a posterior commisural hypertrophy, which condition the department held was not caused by nor in any way related to the injury sustained by the claimant March 6, 1941. Claimant's application to the joint board for a rehearing was granted.

Hearing by the joint board resulted in entry of an order sustaining the decision of the supervisor. Claimant appealed to the superior court for King county, where the cause was tried on the departmental record to a jury. Interrogatories were submitted by the court to and answered by the jury as follows:

"INTERROGATORY No. 1:
    To what extent, if any, has the plaintiff sustained a permanent partial disability to his testicle in excess of 12½ percent already allowed?
ANSWER: *None*

"INTERROGATORY No. 2
    To what extent, if any, has the plaintiff sustained a permanent partial disability to his leg?
ANSWER: *50%*

"INTERROGATORY No. 3
    To what extent, if any, has the plaintiff sustained a permanent partial disability to his urinary system?
ANSWER: *None*"

From the judgment entered upon the verdict in favor of plaintiff, defendant appealed.

Counsel other than counsel in trial court represented the department on appeal.

Any question as to disability covered by interrogatories Nos. 1 and 3 is foreclosed by the verdict of the jury. There was ample evidence in the hearing by the supervisor and on the rehearing by the joint board, all of which was submitted to the jury, to sustain the finding that respondent sustained a permanent partial disability of fifty per cent to his leg. Prior to March 6, 1941, when respondent sustained the injury of which he now complains, respondent's physical condition, while not approximating physical perfection, was such that he was able to work continuously at the arduous task of a coal miner. He was then, as it clearly appears from the evidence, afflicted with arthritis. That preexisting disease was made active by the injury he sustained March 6, 1941.

In the case at bar, the injury made active a latent weakened physical condition occasioned by disease, hence the resulting permanent partial disability is to be attributed

to the injury sustained March 6, 1941, and not to the preexisting physical condition. *Miller v. Department of Labor & Industries,* 200 Wash. 674, 94 P. (2d) 764.

. The applicable rule just invoked obviates the necessity of discussing the question whether when an injured workman has, at the time of his injury, a preexisting disease which delays or .prevents complete recovery from such injury,.the department shall ascertain, as nearly as possible, the period over which the injury would have caused disability were it not for the preexisting disease.

The judgment is affirmed.

SIMPSON, C. J., STEINERT, JEFFERS, and GRADY, JJ., concur.